**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>*Plaintiff*,<br>v.<br>**APPROXIMATELY 1,210,734.00 USDT**,<br>*Defendant* in rem.<br>**AWKO CLAIMANTS**,<br>*Claimants*. | Case No. 26-cv-1988 (TSC) |

**OPINION AND ORDER**

Before the court is the AWKO Claimants' Motion for Leave to Proceed Under Pseudonyms and to File Under Seal verified claims to property seized by the Government. Mot. to Seal and Proceed Under Pseudonyms at 4, ECF No. 5 ("AWKO Mot."). For the following reasons, the motion is DENIED.

This case arises out of a cryptocurrency fraud scheme which enticed victims to invest in fake online exchanges. Compl. ¶ 32-46, ECF No. 1. The scammers then siphoned that money into a digital wallet. *Id.* The Government seized that wallet and initiated a civil forfeiture action in June 2026 to recover the funds, which constitute 1.2 million tokens of the virtual currency "Tether." *Id.* ¶ 10. On August 5, a group of twenty-one claimants, referring to themselves as "AWKO Claimants," filed verified claims to the seized property. Notice of Verified Claims at 1, ECF No. 4. They alleged that they were all victims of the cryptocurrency scam and retained "valid ownership interest[s]" in the seized funds. Verified Claims of Victim-Claimants at 1, ECF No. 4-

1. The AWKO claimants sent unredacted copies of their verified claims to the Government, Notice of Verified Claims at 1, but seek to proceed under pseudonyms and file their verified claims under seal.

The Federal Rules create a strong "presumption against pseudonymous litigation." *Doe v. Hill*, 141 F.4th 291, 293 (D.C. Cir. 2025). That presumption serves to "protect the public's legitimate interest in knowing all of the facts involved" in a lawsuit, "including the identities of the parties." *Id.* (quoting *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020)). Accordingly, the D.C. Circuit generally requires "parties to a lawsuit to openly identify themselves." *Id.* (quoting *Sealed Case*, 971 F.3d at 326). A district court may, however, grant the "rare dispensation of pseudonymous status." *Id.* To evaluate when a pseudonym is warranted, courts balance five non-exhaustive factors: (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *Sealed Case*, 971 F.3d at 326.

The court finds that the AWKO Claimants have not overcome the strong presumption of openness. On the first factor, the Claimants allege "Strong Privacy Interests" in their "identities" as "victims of crimes." AWKO Mot. at 4. But the mere risk that their identities will be made public is not sufficient to merit pseudonymous status under this factor. Rather, the privacy interests that qualify "commonly involve[] intimate issues such as sexual activities, reproductive rights,

bodily autonomy, medical concerns, or the identity of abused minors." *Sealed Case*, 971 F.3d at 327. Accordingly, this factor cuts against the Claimants.

The Claimants fare no better on the second factor. They suggest that "exposing [their] identities to the public will subject them to the (highly likely) potential of repeated victimization by fraudsters." AWKO Mot. at 5. That is particularly true, they say, because "a significant number" of them are "seniors, a demographic frequently victimized through financial scams." *Id.* For starters, the argument fails to address those Claimants who are not seniors. What is more, the "asserted injuries are purely economic," not physical or mental, "and speculative at that." *Sealed Case*, 971 F.3d at 326. Claimants do not provide any particularized details about the likelihood of future harm; rather, they offer broad generalizations about what *might* happen to all twenty-one of them. Such "speculative and unsubstantiated claims of harm" do not favor pseudonymity. *Sealed Case*, 971 F.3d at 328 (quoting *Doe v. Public Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)).

On the third factor, regarding age, Claimants are not minors. And "[w]here victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym." *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014).

The fourth factor, concerning the defendant's identity, also cuts against the AWKO Claimants. This factor "looks to the identity of the opposing party as a tool for measuring the public interest in transparent litigation." *Hill*, 141 F.4th at 298. Here, the public interest in openness is high, even though Claimants have not technically sued the Government or a private party. That is because the case involves the distribution of a significant sum of money seized from criminals operating a criminal cryptocurrency scheme. Citizens have a strong interest in knowing to whom the Government will distribute these funds, in part because that will permit them to "investigate abuses of the judicial process" or other improprieties. *Id.* at 293.

The final factor favors the AWKO Claimants. As they explain, proceeding under pseudonyms will not prejudice the Government because it has already received unredacted verified claims displaying their full names and other information. *See* AWKO Mot. at 5-6. Nor will it prejudice any other potential claimants because none has come forward.

But that one factor alone cannot displace the other four factors, which all favor transparency. Accordingly, the court will deny the AWKO Claimants' Motion to Proceed under Pseudonyms and File Under Seal. Claimants' reliance on *United States v. Lichtenstein*, 769 F. Supp. 3d 32 (D.D.C. 2025) does not change this conclusion. *See* AWKO Mot. at 4. There, the court permitted victims of a cryptocurrency scam to proceed under pseudonyms and file documents partially under seal. *See Lichtenstein*, 769 F. Supp. 3d at 41. But that was because the Government had expressly consented to the "masking of [John Doe's] name as well as any" personally identifiable information in filings. *Id.* at 39. There is no such consent on the record. And the court cannot agree with Claimants' suggestion that the Government has implicitly agreed to or recognized the importance of secrecy just because it identified the four victims in its complaint by pseudonyms, *see* AWKO Mot. at 3-4. There is no reason to believe the Government has consented to letting all twenty-one Claimants now before this court proceed under pseudonyms.

Individual claimants may file motions to proceed pseudonymously or to file under seal documents containing sensitive information. But the court cannot grant one generalized motion for all twenty-one claimants that is devoid of any particularized analysis.

For the foregoing reasons, the AWKO Claimants' motion is DENIED.

It is SO ORDERED.

Date: August 24, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge